IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DANNY L. KROEGER, RICKIE MANNERS,  )
GREGORY D. GROVES, JOHN W. LONGO,  )
CLIFTON E. PERRY, CARL C. HOLLIS,  )
DARRELL F. JOHNSON, MAX E. MANNING,)
and ADOLF G. REINHARDT             )
                                   )
    **Plaintiffs,**                )
                                   )    **No.:**
vs.                                )
                                   )    **JUDGE** _____
CLARKSVILLE HEALTH SYSTEM, G.P.    )    **MAGISTRATE**_____
d/b/a GATEWAY MEDICAL CENTER;      )    **JURY DEMANDED**
CLARKSVILLE HOLDINGS, LLC;         )
GATEWAY MEDICAL CENTER; HSS,       )
INC.; and, HOSPITAL SHARED         )
SERVICES, INC.                     )
                                   )
    **Defendants.**                )

## VERIFIED COMPLAINT

Come now the plaintiffs, DANNY L. KROEGER, RICKIE MANNERS,
GREGORY D. GROVES, JOHN W. LONGO, CLIFTON E. PERRY, CARL C.
HOLLIS, DARRELL F. JOHNSON, MAX E. MANNING, and ADOLF G.
REINHARDT, and for verified complaint against the defendants
complain as follows:

### NATURE OF ACTION

Plaintiffs bring this cause of action pursuant to The Age
Discrimination in Employment Act (29 U.S.C. § 621, *et seq.*) for
discrimination and retaliation in employment, as well as pursuant
to the Title VII of the Civil Rights Acts of 1964, as amended (42
U.S.C. Section 2000(e) *et seq.*) and The Americans With Disability
Act, 42 U.S.C. § 12101, *et seq.*

1

**PARTIES**

1.    The plaintiff, DANNY L. KROEGER, was at all times relevant a citizen and resident of Clarksville, Montgomery County, Tennessee.

2.    The plaintiff, RICKIE MANNERS, was at all times relevant a citizen and resident of Clarksville, Montgomery County, Tennessee.

3.    The plaintiff, GREGORY D. GROVES, was at all times relevant a citizen and resident of Charlotte, Dickson County, Tennessee.

4.    The plaintiff, JOHN W. LONGO, was at all times relevant a citizen and resident of Clarksville, Montgomery County, Tennessee.

5.    The plaintiff, CLIFTON E. PERRY, was at all times relevant a citizen and resident of Cunningham, Montgomery County, Tennessee.

6.    The plaintiff, CARL C. HOLLIS, was at all times relevant a citizen and resident of Clarksville, Montgomery County, Tennessee.

7.    The plaintiff, DARRELL F. JOHNSON, was at all times relevant a citizen and resident of Clarksville, Montgomery County, Tennessee.

8.    The plaintiff, MAX E. MANNING, was at all times relevant a citizen and resident of Clarksville, Montgomery County, Tennessee.

9.    The plaintiff, ADOLF G. REINHARDT, was at all times

2

relevant a citizen and resident of Erin, Houston County, Tennessee.

10. The defendant Clarksville Health System, G.P. d/b/a Gateway Medical Center, ("Gateway") is a general partnership with its principal address at 4000 Meridian Boulevard, Franklin, Tennessee 37067. It does business in Clarksville as Gateway Medical Center, Clarksville, Tennessee 37040. Defendant Clarksville Health System, G.P. d/b/a/ Gateway Medical Center may be served through its registered agent: Ben Fordham at COMM Health Systems, 4000 Meridian Boulevard, Franklin, Tennessee 37067-6325.

11. The defendant Clarksville Holdings, LLC, is a limited liability company doing business in Clarksville, Tennessee as Gateway Medical Center. Defendant Clarksville Holdings may be served through its registered agent: Ben Fordham at COMM Health Systems, 4000 Meridian Boulevard, Franklin, Tennessee 37067-6325.

12. The defendant Hospital Shared Services, Inc., is a corporation for-profit with it's principal corporate address currently located at 900 S. Broadway, Suite 100, Denver, Colorado 80209-4269. Defendant is authorized to and doing business in Clarksville, Montgomery County, Tennessee, where the allegations set forth in this complaint occurred. Defendant Hospital Shared Services, Inc., may be served through its registered agent: National Registered Agents, Inc., 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710. Defendant HSS, Inc., is also a

3

corporation for-profit with it's principal corporate address currently located at 900 S. Broadway, Suite 100, Denver, Colorado 80209-4269. It is believed to be the new, merged or trade name of the Defendant Hospital Shared Services, Inc. It may be served through its registered agent: Samir Singh, 900 South Broadway, Suite 100, Denver, Colorado 80209.

## VENUE

13. The acts at issue occurred at the Gateway Medical Center located at 651 Dunlop Lane, Clarksville, Tennessee 37040, in Clarksville, Tennessee. Thus, venue is proper with this Court. Venue is proper within this district pursuant to 28 U.S.C. Sections 1391(b)(e) and 1402(b) as the unlawful practices occurred in the Middle District of Tennessee.

## JURISDICTION

14. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

## ADMINISTRATIVE HISTORY

15. Plaintiff Rickie Manners filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Health Shared Services Inc., on or about January 13, 2012, EEOC Charge Number, 494-2012-00611, and against Gateway Medical Center on or about December 21, 2011, EEOC Charge Numbers, 494-2012-00609, 494-2012-00499. On February 1, 2013, as to Gateway Medical Center, the EEOC issued a determination finding:

4

> **The investigation revealed that Respondent terminated Charging Party's employment and the employment of other older Security Guards due to their age. The investigation further revealed that Respondent offered a severance agreement to Charging Party and other older security guards in an effort to obtain a waiver of their rights under the ADEA. Respondent's severance agreement seeking a waiver of rights failed to meet the requirements for waivers of rights and claims under the ADEA. Respondent severance agreements violates the ADEA.**

A Notice of Right to Sue on Charge Number EEOC 494-2012-00611 was issued on February 22, 2013, and received by counsel on February 25, 2013. A Notice of Right to Sue on Charge Numbers EEOC 494-2012000609 and 494-2012-00499 was issued on March 29, 2013, and received by counsel on April 1, 2013. This matter is filed within 90 days of receipt of the Notices of Right to Sue and, thus, is timely brought before this Court.

16. Plaintiff Adolf G. Reinhardt filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Health Shared Services Inc., on or about January 13, 2012, EEOC Charge Number, 470-2012-02208, and against Gateway Medical Center on or about May 18, 2012, EEOC Charge Number, 494-2012-00810. On February 1, 2013, as to Gateway Medical Center, the EEOC issued a determination finding:

> **The investigation revealed that Respondent terminated Charging Party's employment and the employment of other older Security Guards due to their age. The investigation further revealed that Respondent offered a severance agreement to Charging Party and other older security guards in an effort to**

5

> **obtain a waiver of their rights under the ADEA.
> Respondent's severance agreement seeking a
> waiver of rights failed to meet the
> requirements for waivers of rights and claims
> under the ADEA. Respondent severance agreements
> violates the ADEA.**

A Notice of Right to Sue on Charge Number EEOC 470-2012-01108, was issued on February 22, 2013, and received by counsel on February 25, 2013. A Notice of Right to Sue on Charge Numbers EEOC 494-2012-00810 was issued on March 29, 2013, and received by counsel on April 1, 2013. This matter is filed within 90 days of receipt of the Notices of Right to Sue and, thus, is timely brought before this Court.

17. Plaintiff Danny L. Kroeger filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about December 20, 2011, and in or about May 2012, EEOC Number: 494-2012-00475. On February 1, 2013, as to Gateway Medical Center, the EEOC issued a determination finding:

> **The investigation revealed that Respondent
> terminated Charging Party's employment and
> the employment of other older Security
> Guards due to their age. The investigation
> further revealed that Respondent offered a
> severance agreement to Charging Party and
> other older security guards in an effort to
> obtain a waiver of their rights under the ADEA.
> Respondent's severance agreement seeking a
> waiver of rights failed to meet the
> requirements for waivers of rights and claims
> under the ADEA. Respondent severance agreements
> violates the ADEA.**

A Notice of Right to Sue was issued by the Commission on March 29, 2013, and received by counsel on April 1, 2013. This matter is filed within 90 days of receipt of the Notice of Right to Sue

6

and, thus, is timely brought before this Court.

18. Plaintiff Gregory D. Groves filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about December 23, 2011, EEOC Number: 494-2012-00504. On February 1, 2013, as to Gateway Medical Center, the EEOC issued a determination finding:

> **The investigation revealed that Respondent terminated Charging Party's employment and the employment of other older Security Guards due to their age. The investigation further revealed that Respondent offered a severance agreement to Charging Party and other older security guards in an effort to obtain a waiver of their rights under the ADEA. Respondent's severance agreement seeking a waiver of rights failed to meet the requirements for waivers of rights and claims under the ADEA. Respondent severance agreements violates the ADEA.**

A Notice of Right to Sue was issued by the Commission on March 29, 2013, and received by counsel on April 1, 2013. This matter is filed within 90 days of receipt of the Notice of Right to Sue and, thus, is timely brought before this Court.

19. Plaintiff John W. Longo filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about December 20, 2011, EEOC Number: 494-2012-00472. On February 1, 2013, as to Gateway Medical Center, the EEOC issued a determination finding:

> **The investigation revealed that Respondent terminated Charging Party's employment and the employment of other older Security Guards due to their age. The investigation further revealed that Respondent offered a severance agreement to Charging Party and other older security guards in an effort to**

7

> **obtain a waiver of their rights under the ADEA.
> Respondent's severance agreement seeking a
> waiver of rights failed to meet the
> requirements for waivers of rights and claims
> under the ADEA. Respondent severance agreements
> violates the ADEA.**

A Notice of Right to Sue was issued by the Commission on March 29, 2013, and received by counsel on April 1, 2013. This matter is filed within 90 days of receipt of the Notice of Right to Sue and, thus, is timely brought before this Court.

   20.  Plaintiff Clifton E. Perry filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about December 20, 2011, EEOC Number: 494-2012-00471. On February 1, 2013, as to Gateway Medical Center, the EEOC issued a determination finding:

> **The investigation revealed that Respondent
> terminated Charging Party's employment and
> the employment of other older Security
> Guards due to their age. The investigation
> further revealed that Respondent offered a
> severance agreement to Charging Party and
> other older security guards in an effort to
> obtain a waiver of their rights under the ADEA.
> Respondent's severance agreement seeking a
> waiver of rights failed to meet the
> requirements for waivers of rights and claims
> under the ADEA. Respondent severance agreements
> violates the ADEA.**

The EEOC further determined:

> **Charging Party requested a reasonable
> accommodation from Respondent for his
> disability. Respondent denied Charging
> Party's accommodation request....**
>
> **The investigation revealed that Respondent
> failed to accommodate Charging Party's
> disability in violation of the ADA.
> (Americans With Disabilities Act)**

A Notice of Right to Sue was issued by the Commission on March 29, 2013, and received by counsel on April 1, 2013. This matter is filed within 90 days of receipt of the Notice of Right to Sue and, thus, is timely brought before this Court.

21. Plaintiff Carl C. Hollis filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about January 31, 2012, EEOC Number: 494-2012-00769. On February 1, 2013, as to Gateway Medical Center, the EEOC issued a determination finding:

> **The investigation revealed that Respondent terminated Charging Party's employment and the employment of other older Security Guards due to their age. The investigation further revealed that Respondent offered a severance agreement to Charging Party and other older security guards in an effort to obtain a waiver of their rights under the ADEA. Respondent's severance agreement seeking a waiver of rights failed to meet the requirements for waivers of rights and claims under the ADEA. Respondent severance agreements violates the ADEA.**

A Notice of Right to Sue was issued by the Commission on March 29, 2013, and received by counsel on April 1, 2013. This matter is filed within 90 days of receipt of the Notice of Right to Sue and, thus, is timely brought before this Court.

22. Plaintiff Darrell F. Johnson filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about January 19, 2012, EEOC Number: 494-2012-00655. On February 1, 2013, as to Gateway Medical Center, the EEOC issued a determination finding:

> **The investigation revealed that Respondent
> terminated Charging Party's employment and
> the employment of other older Security
> Guards due to their age. The investigation
> further revealed that Respondent offered a
> severance agreement to Charging Party and
> other older security guards in an effort to
> obtain a waiver of their rights under the ADEA.
> Respondent's severance agreement seeking a
> waiver of rights failed to meet the
> requirements for waivers of rights and claims
> under the ADEA. Respondent severance agreements
> violates the ADEA.**

A Notice of Right to Sue was issued by the Commission on March 29, 2013, and received by counsel on April 1, 2013. This matter is filed within 90 days of receipt of the Notice of Right to Sue and, thus, is timely brought before this Court.

23. Plaintiff Max E. Manning filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about January 31, 2012, EEOC Number: 494-2012-00768. On February 1, 2013, as to Gateway Medical Center, the EEOC issued a determination finding:

> **The investigation revealed that Respondent
> terminated Charging Party's employment and
> the employment of other older Security
> Guards due to their age. The investigation
> further revealed that Respondent offered a
> severance agreement to Charging Party and
> other older security guards in an effort to
> obtain a waiver of their rights under the ADEA.
> Respondent's severance agreement seeking a
> waiver of rights failed to meet the
> requirements for waivers of rights and claims
> under the ADEA. Respondent severance agreements
> violates the ADEA.**

A Notice of Right to Sue was issued by the Commission on March 29, 2013, and received by counsel on April 1, 2013. This matter

Case 3:13-cv-00500   Document 1   Filed 05/23/13   Page 10 of 34 PageID #: 10

is filed within 90 days of receipt of the Notice of Right to Sue and, thus, is timely brought before this Court.

**FACTUAL ALLEGATIONS**

24.  At all times relevant, plaintiffs were employed at Gateway Medical Center as security guards. Plaintiff Danny L. Kroeger was the supervisor of the security guards. All plaintiffs were over the age of forty with their ages as follows: Plaintiff Kroeger 52 years of age, Plaintiff Manners 52 years of age, Plaintiff Groves 53 years of age, Plaintiff Longo 54 years of age, Plaintiff Perry 78 years of age, Plaintiff Hollis 52 years of age, Plaintiff Johnson 63 years of age, Plaintiff Manning 73 years of age, and Plaintiff Reinhardt 60 years of age.

25.  In 2010, Plaintiff Danny L. Kroeger began complaining about the actions of nursing staff he and other guards observed in the Emergency Room of Gateway Medical Center. Plaintiff Kroeger took the guards complaints to the risk manger, Mary Chaney and to his director, Mike Holzkamper. Thereafter, the nursing staff of the Emergency Department began to complain that the security guards were too old and that they did not feel safe with old guards.

26.  Holzkamper advised Plaintiff Kroeger that he was going to have an expert come in to evaluate the staff. Allen Butler of Defendant HSS came and observed the Gateway Security Guards. Butler advised Plaintiff Kroeger that his recommendations were to hire only guards under the age of thirty-five and only large people.

11

27.  Holzkamper then ordered Plaintiff Kroeger to have the guards work rotating shifts. The guards were to work two weeks on first shift, two weeks on second shift and then two weeks on third shift. Holzkamper stated that this should get rid of some of the old guards. One older guard, Don Groves, brought in a doctor's note that because of his diabetes and medications he could not work rotating shifts. Holzkamper advised Plaintiff Kroeger that the note was "no good" and if the guards could not work rotating shifts they would have to quit.

28.  Thereafter, Plaintiff Kroeger was ordered by his supervisor Holzkamper to hire only younger people or he would not have a job. This was said to Plaintiff Kroeger on multiple occasions. Plaintiff Kroeger was ordered to reject applicants of ordered employees and to look at the date of graduation or the date they joined the military to get an idea of the age. For those applicants for which an age could not be determined, they were called in for interviews. On multiple occasions Holzkamper would tell Plaintiff Kroeger that applicants were too old and not to hire them. Plaintiff Kroeger and Holzkamper were both impressed with the application of Plaintiff Rickie Manners. Plaintiff Kroeger hired Plaintiff Manners, however, when Holzkamper saw how old Plaintiff Manners was he told Plaintiff Kroeger that Plaintiff Manners was too old to be hired and that from now on he, Holzkamper, would look at the applications and perform the interviews.

29.  In December of 2011, the plaintiffs discovered that

there were postings on the internet for security jobs at Gateway Medical Center by Defendant HSS. Plaintiff Groves called the number listed and was advised that Defendant HSS was going to be providing all security at Gateway Medical Center as of January 9, 2012.

30.  Holzkamper told HSS the ages of Gateway Security staff, who they should keep, the identity of the employees who needed to retire, and who should be the leader.

31.  On December 16, 2011, Plaintiff Groves was called by Plaintiff Kroeger and advised that Mike Holzkamper had told him to relay a message that if anyone talked about the coming layoff they would be fired.

32.  On January 26, 2012, the plaintiffs were called to a meeting wherein they were told their employment was being terminated as of January 28, 2012. The PRN staff, part time employees, and the full time employees were further told that before they left the meeting they were required to sign a Severance Agreement, a HR Form 79, releasing Defendant from any claim under the Age Discrimination in Employment Act, Americans With Disability Act and Title VII. Defendant offered a severance agreement to Plaintiffs in an effort to obtain a waiver of their rights under the Age Discrimination in Employment Act. Defendant's severance agreement seeking a waiver of rights failed to meet the requirements for waivers of rights and claims under the Age Discrimination in Employment Act, thus, violating the Age Discrimination in Employment Act.

13

33. Plaintiffs were provided with Separation Notices pursuant to Tennessee law showing that their Separation Notices were prepared on September 27, 2011.

34. After filing their complaints with the EEOC, on February 27, 2012, Plaintiffs were notified by Defendant that they were being offered an unconditional return to work. Plaintiffs reported to work on March 5, 2012, at 8:00 a.m. as ordered. At such time Defendant HSS had its own security guards providing security for the hospital. Many of these guards were young and without any security experience. Plaintiffs questioned administration as to how the two groups were to work together and administration repeatedly refused to provide Plaintiffs with any direction or instructions including: what their job duties were, how the hospital was to function with two separate security groups, and what the chain of command was to be.  The administration of Gateway Medical Center refused to do anything to integrate these two different sets of security guards together and instead allowed the HSS employees to mistreat the Plaintiffs herein in hopes that they would quit.

35. Problems occurred immediately and the administration at Gateway, as well as Defendant HSS, again refused to do anything. Some of these problems consisted of, but were not limited to: HSS employees could place restraints on patients without prior approval of nursing staff, Plaintiff's were not allowed to place restraints on patients without prior nursing staff approval, HSS employees yelling at Plaintiffs, HSS employees making gestures of

fighting towards Plaintiff Kroeger, ignoring Plaintiffs'
complaints about HSS employees, HSS employees cussing Plaintiffs,
HSS employees acting aggressively towards Plaintiff Kroeger,
refusing to allow Plaintiffs full time jobs that were open and
available, HSS employees bullying Plaintiffs, Plaintiffs were not
allowed to attend meetings, Plaintiffs were not given job duties
for seven months, hours were taken from Plaintiff Groves and
given to HSS employee, administration refused to talk with
Plaintiffs and effectively ignored and isolated Plaintiffs, as
well as showing preferential treatment to the younger HSS
employees, and refusing to discipline HSS employees for
violations of Gateway's policies. Plaintiff Kroeger complained to
the corporate office about the hostile and retaliatory
environment the older Gateway security staff were incurring. The
very next day Plaintiff Kroeger was called to a meet with Richard
Johnson, the Human Resources Director of Gateway Medical Center,
Corey Ewing, the Chief Operating Officer of Gateway Medical
Center, and Marcus Ratcliff, the now Director of Security of
Gateway Medical Center. Instead of addressing Plaintiff Kroeger's
complaints, the three were inquiring as to why Kroeger made a
complaint to the corporate office. Again, nothing was done and
the issues were not addressed.

**COUNT I**

**DANNY L. KROEGER**

36.  Plaintiff Kroeger incorporates paragraphs one through
35 verbatim as if fully setforth herein.

37.   Plaintiff Danny L. Kroeger is a male being fifty two (52) years old. At all times relevant, Plaintiff worked for Defendant Gateway Medical Center, as a Security Supervisor. Plaintiff Kroeger protested Defendant's actions to force older employees to quit. As a result, Plaintiff alleges that Defendant retaliated against him by threatening to terminate his employment if he did not follow instructions to see that only younger individuals were hired. Plaintiff was later fired by Defendant.

38. Plaintiff returned to work on March 5, 2012, pursuant to Defendant's unconditional offer of return to work. Plaintiff was told that he would continue to be the supervisor of the Gateway Security Guards. Plaintiff Kroeger repeatedly asked administration for directions as to how the two security groups were to work together and his requests were repeatedly ignored. Plaintiff Kroeger and the other Plaintiffs were called back to work, but were not given any duties or responsibilities.

39. Plaintiff Kroeger, although told he was returned to his previous position, was no longer given e-mail access, allowed to attend meetings, or given any contact or direction from administration.

40. In or about August of 2012, Plaintiff Kroeger was told that the HSS employees would become Gateway employees. Plaintiff had been the acting supervisor for approximately ten (10) years and a security guard at Gateway for twenty (20) or more years whereas the Supervisor for Defendant HSS was Marcus Ratcliff. Ratcliff had only ten years of experience within the healthcare

16

industry whereas Plaintiff had twenty (20) years as a health security officer. Ratcliff was forty (40) years of age while Plaintiff Kroeger was fifty two (52) years of age. When Gateway posted the requirements to be the Director of Security at Gateway it was tailored to fit Ratcliff's past so that Plaintiff Kroeger would be ineligible for the position. Ratcliff was chosen to be the Director of Security at Gateway.

41. Plaintiff Kroeger alleges that Defendant knowingly and willfully discriminated against him on the basis of age and in violation of the Age Discrimination in Employment Act. Further, Defendant's action were in retaliation for Plaintiff's complaints of discrimination. Defendant has created a hostile environment for Plaintiff Kroeger and others based upon their age and protected activities.

42. As a result of Defendant's actions, Plaintiff Kroeger has suffered lost wages, lost benefits, attorney fees, costs, and seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

**COUNT II**

**RICKIE MANNERS**

43. Plaintiff Manners incorporates paragraphs one through 42 verbatim as if fully setforth herein.

44. Plaintiff Manners applied for employment with Co-Defendant Hospital Shared Services, Inc., in the time frame wherein Defendant Gateway Medical Center began outsourcing its security operation. Plaintiff was not hired due to his age.

17

45. Plaintiff Manners alleges that Defendant HSS knowingly and willfully discriminated against him on the basis of his age and in violation of the Age Discrimination in Employment Act. Further, Defendant's actions were in retaliation for Plaintiff's complaints of discrimination.

46. As a result of Defendant's actions, Plaintiff Manners has suffered lost wages, lost benefits, attorney fees, costs, and seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

## COUNT III

### RICKIE MANNERS

47. Plaintiff Manners incorporates paragraphs one through 46 verbatim as if fully setforth herein.

Plaintiff Rickie Manners is a male being fifty two (52) years old. At all times relevant, Plaintiff worked for Defendant Clarksville Health System, G.P. d/b/a Gateway Medical Center, as a Security Guard. Plaintiff was fired by Defendant. Plaintiff's employment was later reinstated by Defendant; however, Plaintiff then became subjected to a pattern of harassment and retaliation.

48. Plaintiff Manners alleges that Defendant knowingly and willfully discriminated against him on the basis of his age and in violation of the Age Discrimination in Employment Act. Further, Defendant's action were in retaliation for Plaintiff's complaints of discrimination. Defendant has created a hostile environment for Plaintiff Manners and others based upon their age and protected activities.

Case 3:13-cv-00500   Document 1   Filed 05/23/13   Page 18 of 34 PageID #: 18

49. As a result of Defendant's actions, Plaintiff Manners has suffered lost wages, lost benefits, attorney fees, costs, and seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

**COUNT IV**

**ADOLF G. REINHARDT**

50. Plaintiff Reinhardt incorporates paragraphs one through 49 verbatim as if fully setforth herein.

51. Plaintiff applied for employment with Co-Defendant Hospital Shared Services, Inc., at Gateway Medical Center. Plaintiff was not hired due to his age.

52. Plaintiff Reinhardt alleges that Defendant HSS knowingly and willfully discriminated against him on the basis of his age and in violation of the Age Discrimination in Employment Act. Further, Defendant's actions were in retaliation for Plaintiff's complaints of discrimination. Plaintiff was paid less money than other employees in an effort to force Plaintiff to quit.

53. As a result of Defendant's actions, Plaintiff Reinhardt has suffered lost wages, lost benefits, attorney fees, costs,and seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

**COUNT V**

**ADOLF G. REINHARDT**

54. Plaintiff Reinhardt incorporates paragraphs one through 53 verbatim as if fully setforth herein.

55. Plaintiff Adolf G. Reinhardt is a male being sixty (60) years old. At all times relevant, Plaintiff worked for Defendant Gateway Medical Center, as a security guard. Plaintiff was fired

19

by Defendant and replaced by Defendant HSS's employees. Plaintiff's employment was later reinstated by Defendant; however, Plaintiff then became subjected to a pattern of harassment and retaliation based upon age and in retaliation for the exercise of protected activities.

56. Plaintiff Reinhardt alleges that Defendant knowingly and willfully discriminated against him on the basis of his age and in violation of the Age Discrimination in Employment Act. Further, Defendant's action were in retaliation for Plaintiff's complaints of discrimination. Defendant has created a hostile environment for Plaintiff Reinhardt and others based upon their age and protected activities.

57. As a result of Defendant's actions, Plaintiff Reinhardt has suffered lost wages, lost benefits, attorney fees, costs, and seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

**COUNT VI**

**JOHN W. LONGO**

58. Plaintiff John W. Longo incorporates paragraphs one through 57 verbatim as if fully setforth herein.

59. Plaintiff John W. Longo is a male being fifty four (54) years old. At all times relevant, Plaintiff worked for Defendant Gateway Medical Center, as a PRN Security Guard. In June, 2011, Plaintiff applied for a full time security guard position. In September, 2011, the full time position was awarded to a younger applicant. Defendant fired Plaintiff on January 28, 2012, due to his age. Defendant later reinstated Plaintiff's employment, but

subjected him to a pattern of harassment, such being retaliation. Plaintiff Longo was again fired on or about August 17, 2012, for an allegation of sleeping on the job. However, other employees accused of the same action were not terminated.

60. Plaintiff Longo alleges that Defendant knowingly and willfully discriminated against him on the basis of age and in violation of the Age Discrimination in Employment Act. Further, Defendant's action were in retaliation for Plaintiff's complaints of discrimination. Defendant has created a hostile environment for Plaintiff Longo and others based upon their age and protected activities.

61. As a result of Defendant's actions, Plaintiff Longo has suffered lost wages, lost benefits, attorney fees, costs, and seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

**COUNT VII**

**CARL C. HOLLIS**

62. Plaintiff Carl C. Hollis incorporates paragraphs one through 61 verbatim as if fully setforth herein.

63. Plaintiff Carl C. Hollis is a male being fifty two (52) years old. At all times relevant, Plaintiff worked for Defendant Clarksville Health System, G.P. d/b/a Gateway Medical Center, as a Security Guard.

64. Plaintiff Hollis alleges that Defendant knowingly and willfully discriminated against him on the basis of age and in violation of the Age Discrimination in Employment Act. Further, Defendant's action were in retaliation for Plaintiff's complaints

21

of discrimination. Defendant has created a hostile environment for Plaintiff Hollis and others based upon age and protected activities. Plaintiff Hollis returned to work when Defendant reinstated the fired Plaintiffs. However, the environment was so hostile for Plaintiff Hollis that he could not continue to work and was forced to resign.

65. As a result of Defendant's actions, Plaintiff Hollis suffered lost wages, lost benefits, attorney fees, costs, and seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

**COUNT VIII**

**GREGORY GROVES**

66. Plaintiff Gregory D. Groves incorporates paragraphs one through 65 verbatim as if fully setforth herein.

67. Plaintiff Gregory D. Groves is a white male being fifty three (53) years old. At all times relevant, Plaintiff worked for Defendant Gateway Medical Center, as a part time Security Guard. Plaintiff Groves sought full time employment, however, the full time positions were awarded to three younger black applicants.

68. Plaintiff Gregory D. Groves alleges that Defendant'S actions in refusing to allow him to work full time while allowing younger black employees to do so is a violation of Title VII of the Civil Rights Act of 1964 as amended.

69. As a result of Defendant's actions, Plaintiff Gregory D. Groves has suffered embarrassment, humiliation, lost wages, lost benefits, attorney fees, and costs. Plaintiff Gregory D. Groves seeks to recover compensatory damages as well as his lost wages

22

and benefits pursuant to Title VII.

## COUNT IX

### GREGORY GROVES

70. Plaintiff Gregory D. Groves incorporates paragraphs one through 69 verbatim as if fully setforth herein.

71. Plaintiff Gregory D. Groves is a male being fifty three (53) years old. At all times relevant, Plaintiff worked for Gateway Medical Center, as a part time Security Guard. Plaintiff Groves requested a part time position and was advised that there were no available part time positions. Plaintiff Johnson and Plaintiff Groves wanted to switch positions as Plaintiff Groves needed a full time position and Plaintiff Johnson needed a less than full time position. Both were denied the opportunity to do so by Holzkamper. Plaintiff applied for a PRN Security Guard position and was never contacted. Defendant fired Plaintiff on January 28, 2012, due to his age.

72. Plaintiff Groves alleges that Defendant knowingly and willfully discriminated against him on the basis of his age and in violation of the Age Discrimination in Employment Act. Further, Defendant's action were in retaliation for Plaintiff's complaints of discrimination. Defendant has created a hostile environment for Plaintiff Groves and others based upon their age and protected activities.

73. As a result of Defendant's actions, Plaintiff Groves has suffered lost wages, lost benefits, attorney fees, costs, and

23

seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

## COUNT X

### DARRELL JOHNSON

74. Plaintiff Johnson incorporates paragraphs one through 73 verbatim as if fully setforth herein.

75. Plaintiff Darrell F. Johnson is a male being sixty three (63) years old. At all times relevant, Plaintiff worked for Gateway Medical Center, as a Security Guard. Plaintiff Johnson requested a part time position and was advised that there were no available part time positions. Plaintiff Johnson and Plaintiff Groves wanted to switch positions as Plaintiff Groves needed a full time position and Plaintiff Johnson needed a less than full time position. Both were denied the opportunity to do so by Holzkamper. Plaintiff applied for a PRN Security Guard position and was never contacted. On August 15, 2011, Plaintiff was forced to resign from his position.

76. Plaintiff Johnson alleges that Defendant knowingly and willfully discriminated against him on the basis of his age and in violation of the Age Discrimination in Employment Act. Defendant created a hostile environment for Plaintiff Johnson and others based upon age and the exercise of protected activities.

77. As a result of Defendant's actions, Plaintiff Johnson has suffered lost wages, lost benefits, attorney fees, costs, and seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

## COUNT XII

### MAX MANNING

24

78. Plaintiff Max Manning incorporates paragraphs one through 77 verbatim as if fully setforth herein.

79. Plaintiff Max E. Manning is a male being seventy three (73) years old. At all times relevant, Plaintiff worked for Defendant Gateway Medical Center, as a Security Guard. Plaintiff was fired by Defendant and replaced by Defendant Hospital Shared Services, Inc's employees.

80. Plaintiff Manning alleges that Defendant knowingly and willfully discriminated against him on the basis of his age and in violation of the Age Discrimination in Employment Act. Further, Defendant's action were in retaliation for Plaintiff's complaints of discrimination. Defendant has created a hostile environment for Plaintiff Manning and others based upon age and protected activities.

81. As a result of Defendant's actions, Plaintiff Manning has suffered lost wages, lost benefits, attorney fees, costs, and seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

**COUNT XIII**

**CLIFTON E. PERRY**

82. Plaintiff Clifton E. Perry incorporates paragraphs one through 81 verbatim as if fully setforth herein.

83. Plaintiff Clifton E. Perry is a male being seventy eight (78) years old. At all times relevant, Plaintiff worked for Defendant Gateway Medical Center, as a Security Guard. Plaintiff was fired by Defendant and replaced by Defendant HSS's employees.

84. Plaintiff Perry alleges that Defendant knowingly and

25

willfully discriminated against him on the basis of age and in violation of the Age Discrimination in Employment Act. Further, Defendant's action were in retaliation for Plaintiff's complaints of discrimination. Defendant has created a hostile environment for Plaintiff Perry and others based upon age and protected activities.

85. As a result of Defendant's actions, Plaintiff Perry has suffered lost wages, lost benefits, attorney fees, costs, and seeks liquidated damages pursuant to 29 U.S.C. § 626(b).

## COUNT XIV

### CLIFTON E. PERRY

86. Plaintiff Clifton E. Perry incorporates paragraphs one through 85 verbatim as if fully setforth herein.

87. Plaintiff Clifton E. Perry suffers from heart conditions, one of which is atrial fibrillation. This condition effects all activities of daily living to include breathing, walking, and mobility. Due to his physical condition, Plaintiff Perry requested a reasonable accommodation from Defendant for his disability, that being to work only one designated shift, that being either day or evening, but not midnight shift. Defendant denied his request for accommodation and instead told Plaintiff Perry that he could work as Defendant wanted him to or quit. Thereafter, Plaintiff Perry was fired by Defendant and replaced by Defendant HSS's employees.

88. Plaintiff Perry alleges that Defendant Gateway refused to accommodate his reasonable request for accommodation pursuant

Case 3:13-cv-00500   Document 1   Filed 05/23/13   Page 26 of 34 PageID #: 26

to the Americans With Disability Act. Such action is unlawful and a violation of the ADA.

89. As a result of Defendant's actions, Plaintiff Perry has suffered lost wages, lost benefits, pain and suffering, attorney fees, and costs. Plaintiff Clifton E. Perry seeks to recover compensatory damages as well as his lost wages and benefits pursuant to the ADA.

**COUNT XV**

**PUNITIVE DAMAGES**

90. Plaintiffs assert that the actions of Defendants were willful and wanton and were taken with callous disregard for Plaintiffs' federally protected rights.

91. Plaintiffs seek punitive damages from Defendants in an amount to be determined by a jury.

WHEREFORE, PLAINTIFFS pray for the following relief:

A.    That service of process issue as to the defendants as set forth in Rule 4 of the Federal Rules of Civil Procedure;

B.    That Plaintiff Kroeger recover all damages to which he is entitled under the Age Discrimination in Employment Act, to include liquidated damages;

C.    That Plaintiff Manners recover all damages to which he is entitled under the Age Discrimination in Employment Act, to include liquidated damages;

D.    That Plaintiff Reinhardt recover all damages to which he is entitled under the Age Discrimination in Employment Act, to

include liquidated damages;

     E.    That Plaintiff Groves recover all damages to which he is entitled under the Age Discrimination in Employment Act, to include liquidated damages;

     F.    That Plaintiff Groves recover all damages to which he is entitled under Title VII of the Civil Rights Act of 1964, as amended;

     G.    That Plaintiff Hollis recover all damages to which he is entitled under the Age Discrimination in Employment Act, to include liquidated damages;

     H.    That Plaintiff Manning recover all damages to which he is entitled under the Age Discrimination in Employment Act, to include liquidated damages;

     I.    That Plaintiff Longo recover all damages to which he is entitled under the Age Discrimination in Employment Act, to include liquidated damages;

     J.    That Plaintiff Johnson recover all damages to which he is entitled under the Age Discrimination in Employment Act, to include liquidated damages;

     K.    That Plaintiff Perry recover all damages to which he is entitled under the Age Discrimination in Employment Act, to include liquidated damages;

     L.    That Plaintiff Perry recover all damages to which he is entitled under the Americans With Disabilities Act, to include compensatory and liquidated damages;

     M.    That Plaintiffs recover punitive damages;

N.   That all Plaintiffs recover prejudgment and post judgment interest;

O.   That Plaintiffs be awarded attorney fees and costs;

P.   That the court award Plaintiffs such other, further, general and different relief to which they may show themselves entitled.

Q.   That a jury be empaneled to try this cause.

Respectfully submitted,

*/s/ Debra A. Wall*
DEBRA A. WALL, BPR #11331
Attorney for Plaintiffs
133 Franklin Street
Clarksville, TN 37040
telephone: (931) 906-3904
facsimile: (931) 906-3908
e-mail: debraawall@msn.com

**OATH**

STATE OF TENNESSEE        )
                          )        SS
COUNTY OF MONTGOMERY      )

I, Danny L. Kroeger, do hereby swear or affirm that the facts as stated in the forgoing complaint are is true and correct

29

to the best of my knowledge, information and belief.


                                        s/Danny Kroeger
                                        Danny L. Kroeger


        Sworn to and subscribed before me, this the _22_ day of May,
2013.


                                         s/Rhonda Gonzalez
                                        Notary Public


My Commission Expires:_12.14.15_


STATE OF TENNESSEE          )
                            )               SS
COUNTY OF MONTGOMERY        )


        I, Gregory D. Groves, do hereby swear or affirm that the
facts as stated in the forgoing complaint are is true and correct
to the best of my knowledge, information and belief.
                                         s/Gregory D. Groves

                                30

Gregory D. Groves

　　　Sworn to and subscribed before me, this the _22_ day of May, 2013.


　　　　　　　　　　　　　　　_s/Rhonda Gonzalez_____
　　　　　　　　　　　　　　　Notary Public


My Commission Expires:_12.14.15___




STATE OF TENNESSEE　　　　)
　　　　　　　　　　　　　　)　　　SS
COUNTY OF MONTGOMERY　　　)


　　　I, John W. Longo, do hereby swear or affirm that the facts as stated in the forgoing complaint are is true and correct to the best of my knowledge, information and belief.

　　　　　　　　　　　　　_s/John W. Longo_____
　　　　　　　　　　　　　John W. Longo

　　　Sworn to and subscribed before me, this the _22_ day of May, 2013.


　　　　　　　　　　　　　　　_s/Rhonda Gonzalez_____
　　　　　　　　　　　　　　　Notary Public


My Commission Expires:_12.14.15___


STATE OF TENNESSEE　　　　)
　　　　　　　　　　　　　　)　　　SS
COUNTY OF MONTGOMERY　　　)


　　　I, Clifton E. Perry, do hereby swear or affirm that the facts as stated in the forgoing complaint are is true and correct to the best of my knowledge, information and belief.

　　　　　　　　　　　　　_s/Clifton Perry_____

31

Clifton E. Perry

Sworn to and subscribed before me, this the _22_ day of May, 2013.


 _s/Rhonda Gonzalez_
Notary Public


My Commission Expires:_ 12.14.15_



STATE OF TENNESSEE          )
                            )          SS
COUNTY OF MONTGOMERY        )


I, Carl C. Hollis, do hereby swear or affirm that the facts as stated in the forgoing complaint are is true and correct to the best of my knowledge, information and belief.

 _s/Carl C. Hollis_
Carl C. Hollis

Sworn to and subscribed before me, this the _22_ day of May, 2013.


 _s/Rhonda Gonzalez_
Notary Public


My Commission Expires:_ 12.14.15_



STATE OF TENNESSEE          )
                            )          SS
COUNTY OF MONTGOMERY        )


I, Darrell F. Johnson, do hereby swear or affirm that the facts as stated in the forgoing complaint are is true and correct to the best of my knowledge, information and belief.

32

s/Darrell F. Johnson
                                        Darrell F. Johnson

      Sworn to and subscribed before me, this the  22  day of May,
2013.

                                         s/Rhonda Gonzalez
                                        Notary Public

My Commission Expires: 12.14.15




STATE OF TENNESSEE          )
                            )      SS
COUNTY OF MONTGOMERY        )


      I, Max E. Manning, do hereby swear or affirm that the facts
as stated in the forgoing complaint are is true and correct to
the best of my knowledge, information and belief.

                                         s/Max E. Manning
                                        Max E. Manning

      Sworn to and subscribed before me, this the  22  day of May,
2013.

                                         s/Rhonda Gonzalez
                                        Notary Public

My Commission Expires: 12.14.15




STATE OF TENNESSEE          )
                            )      SS
COUNTY OF MONTGOMERY        )


      I, Adolf G. Reinhardt, do hereby swear or affirm that the
facts as stated in the forgoing complaint are is true and correct
to the best of my knowledge, information and belief.

                                         s/Adolf G. Reinhardt
                                        Adolf G. Reinhardt

                              33

Sworn to and subscribed before me, this the  _22_  day of May, 2013.


                                        _s/Rhonda Gonzalez_____
                                        Notary Public


My Commission Expires:_12.14.15__